IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MARTIN ALLEN JOHNSON,** | |
| Petitioner, | 3: 07-CV-00779-BR |
| v. | |
| **BRIAN BELLEQUE, Warden,** | ORDER |
| Respondent. | |

**BROWN, Judge.**

After carefully considering the parties' briefs, including Petitioner's *Pro Se* Memorandum [118] in Opposition and accompanying Exhibits [119-1 to 119-4], the Court is prepared to enter the attached Proposed Order resolving Respondent's pending Motion [104] to Dismiss by dismissing the unexhausted federal habeas claims contained in Petitioner's mixed Amended Petition and proceeding in this federal habeas action on the fully exhausted claims only.

1 - ORDER

On November 2, 2011, the Court will enter the Proposed Order as its operative Order resolving Respondent's Motion #104 **unless before November 2, 2011,** Petitioner moves the court through his appointed counsel for leave to invoke the three-step stay and abeyance procedure outlined in *Calderon v. U.S. District Court (Taylor)*, 134 F.3d 981 (9th Cir. 1998), and *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143, 1149 (9th Cir. 2007). *See also James v. Pliler*, 269 F.3d 1124, 1127 (9th Cir. 2001)(decision to hold an exhausted petition in abeyance is a matter of trial court's discretion). This procedure allows "(1) a petitioner to amend his petition to delete any unexhausted claims; (2) the court in its discretion to stay and hold in abeyance the amended, fully exhausted petition, providing the petitioner an opportunity to proceed to state court to exhaust the deleted claims; and (3) once the claims have been exhausted in state court, the petitioner to return to federal court and amend[] his federal petition to include the newly-exhausted claims." *King v. Ryan*, 564 F.3d 1133, 1139 (9th Cir. 2009)(citing *Taylor*, 134 F.3d at 986).

The Court and Petitioner's appointed counsel have repeatedly advised Petitioner of the risks of proceeding solely on his exhausted claims at this juncture; *i.e.*, that he would forever forgo his ability to raise his now-unexhausted claims in a

2 - ORDER

federal habeas corpus action.  Petitioner is further advised the Court cannot control the timing of Petitioner's state post-conviction proceedings and will not manipulate this federal action to accommodate him.[1]

## CONCLUSION

For these reasons, the Court will enter the attached Proposed Order dismissing Petitioner's unexhausted federal habeas claims 30 days from the date of this Order unless Petitioner moves through his appointed counsel to stay his Petition pursuant to the three-step stay and abeyance procedure set out in *Kelly* and *Taylor*.

IT IS SO ORDERED.

DATED this 3rd day of October, 2011.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

---

[1] In Petitioner's *Pro Se* Memorandum [118] in Opposition, he proffers additional arguments as to why, beyond delay in his appellate and post-conviction proceedings, certain of his claims should be exempted from the exhaustion requirement.  These arguments notwithstanding, the Court is satisfied Petitioner's Amended Petition [98] contains dozens of unexhausted claims for which no exception to the exhaustion requirement applies.  If Petitioner elects to proceed solely on his exhausted claims, the Court will address in a future round of briefing any additional arguments by Petitioner related to exemption from the exhaustion requirement.

3 - ORDER